IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAEL SAMONTE, ) | CIV. NO. 05-00309 HG-KSC |
| ) | |
| Plaintiff, ) | |
| ) | FINDINGS AND RECOMMENDATION |
| vs. ) | TO GRANT IN PART AND DENY IN |
| ) | PART MOTION TO DISMISS |
| KAY BAUMAN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART MOTION TO DISMISS**

On May 6, 2005, *pro se* Plaintiff Lael Samonte, a Hawaii prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  Samonte is incarcerated at Florence Correctional Center ("FCC"), located in Florence, Arizona.

Before the court is Defendant Linda Lingle's motion to dismiss Samonte's complaint ("Motion").  Defendant Kay Bauman, M.D., has joined the motion.  Samonte has opposed the Motion, as well as Defendant Bauman's joinder in the Motion.  This proceeding has been designated to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and 636(b)(3) and Rule LR72.4 of the Local

---

[1] On June 20, 2005, the court granted Samonte leave to amend his complaint.  Samonte sought to name several defendants he had earlier designated as John Doe 1-10.  Although Samonte has filed several other documents and motions in this action, he has not yet amended his complaint with his proposed amendments nor have any of these proposed defendants been served with an amended complaint.

Rules of Practice of the United States District Court for the District of Hawaii.  The court in its discretion finds that this matter is suitable for disposition without hearing pursuant to LR7.1(d).  This court FINDS and RECOMMENDS that the Motion be GRANTED with respect to all claims against Defendant Governor Lingle and that she be dismissed from this action.  The court further FINDS and RECOMMENDS that the Motion be DENIED with respect to claims against Defendant Dr. Kay Bauman. Claims against Dr. Bauman and Doe Defendants remain at issue.

**DISCUSSION**

Samonte's Complaint alleges that he was denied timely medical care for problems he was experiencing with his eyes since 2002.  Samonte says that he complained to unnamed prison officials in 2002 about pain, blurred vision, and discharge from his eyes, but his request for medical care was "delayed." (Compl. at 7.)  He alleges that he complained about the excessive delay in scheduling him for an appointment "On or About 2004." (Id.)  Samonte was examined by M. Pierre Pang, M.D., and an optometrist, Joanne Soriano, at the Pacific Eye Surgery Center on July 21, 2004.  He claims that Drs. Pang and Soriano diagnosed a pterygium on his right eye and cataracts in both eyes and recommended surgery on his left eye to remove the larger cataract.  Samonte alleges that Dr. Bauman and unnamed defendants "overruled Pang's and Soriano's recommendation."  (Id. at 8.)

On December 9, 2004, Dr. Pang removed the pterygium on Samonte's right eye.  He was seen several times for follow-up treatment and on March 21, 2005, Samonte claims that Dr. Soriano told him to "return for a follow-up examination in several months."  (Id. at 9.)  Samonte was transferred to FCC seven days later, on March 28, 2005.  Samonte claims that, on April 8, 2005, Dr. Bauman denied "FCC['s] request for further medical treatment" for his eyes.[2]  (Id.)

Samonte names all Defendants in their official and individual capacities.[3]  He states that Governor Lingle is liable

---

[2] In a memorandum filed two weeks after his Complaint, Samonte attached a document titled, "Consultation Request-Dental," from FCC, in support of his claim that Dr. Bauman denied him necessary surgery for his cataracts.  This document, which is dated April 8, 2005, is a request for follow-up *dental care* for Samonte, and states:

> I/M states his jaw was fractured and repaired 3 yrs. Ago.  since that time his jaw had been hurting.  States on a 1 to 10 level his pain is a 9.  I/M has pain on palpation left TMJ area down to angle of mandible.  I/M also in pain when his teeth occ. together. I/M will need Oral Surgeon evaluation and possible TX.

(Mem. in Supp. of Compl. Ex. A.)

In denying this request for outside dental evaluation, Dr. Bauman replied: "He's had multiple, multiple F/U visits for jaw, eyes, etc. [and] does not need further outside evaluation.  Wt. has been stable."  Id.

[3] In his Complaint, Samonte names Governor Lingle in both her individual and official capacities. (Compl. at 4.) Later, however, he states that "Defendant Linda Lingle . . . is sued in her official capacity," making no mention of his earlier claim against her in her individual capacity.  (Id. at 5.)

for his injuries because he wrote her letters regarding his situation and she did not respond. His claims against Dr. Bauman are more specific; he states that she, and other unnamed defendants, directly overruled Drs. Pang and Soriano's recommendation for cataract surgery. Samonte states that his grievances relating to the alleged delay and denial of necessary medical care put all Defendants on notice "that they were violating his constitutional rights." (Compl. at 9.)

Samonte seeks an injunction ordering Defendants to transfer him back to Hawaii and arrange cataract surgery for him. He also seeks compensatory and punitive damages and costs for this suit.

**LEGAL STANDARD**

Defendants do not specify the basis for their Motion to Dismiss Samonte's Complaint. The court reviews the Motion under Rule 12 of the Federal Rule of Civil Procedure.

I.  <u>Rule 12(b)(1)</u>

A plaintiff has the burden of proving that jurisdiction does in fact exist. <u>Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979). Standing pertains to this court's subject matter jurisdiction. This court therefore analyzes a plaintiff's standing to assert his or her claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure. <u>See</u> <u>White v. Lee</u>, 227 F.3d 1214, 1242 (9th Cir.

2000).

Under Rule 12(b)(1), the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction. Alternatively, the court may dismiss a complaint under Rule 12(b)(1) when the facts that would give rise to its subject matter jurisdiction are disputed. See *Thornhill Publ'g Co.*, 594 F.2d at 733.

When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint. See *Samco Global Arms, Inc. v. Arita*, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005) ("We use the same standard as the district court in analyzing a facial attack on jurisdiction, and therefore accept the well-pleaded allegations of the complaint as true and limit our inquiry to the complaint and the documents attached thereto."); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most

favorable to the plaintiff.").

In a factual attack on the court's subject matter jurisdiction, the court examines the truth of the allegations invoking the court's jurisdiction. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, 2005 WL 282138 (May 2, 2005).  In such a factual attack, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the existence of subject matter jurisdiction.  In a factual attack on this court's jurisdiction, this court may accept and evaluate evidence to determine whether jurisdiction exists. See id.; Thornhill, 594 F.2d at 733.

II. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials--documents attached to the

complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Amer. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v.

Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).  A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitation.  Imbler v. Pachtman, 424 U.S. 409 (1976).

III. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**DISCUSSION**

I.   Defendants' Eleventh Amendment Immunity

The Eleventh Amendment bars damage actions against state officials in their official capacities.  See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). In addition, "neither a State nor its officials action in their official capacities are 'persons' under [42 U.S.C.] § 1983." Will v. Michigan Dep't State Police, 491 U.S. 58, 71 (1989); Lawrence Livermore Nat'l Lab., 131 F.3d at 839.  Samonte names all Defendants in both their official and individual capacities. As Defendants are immune from suit for damages in their official capacities, the court is without jurisdiction over these claims. This court FINDS and RECOMMENDS that damage claims against all

Defendants in their official capacities be DISMISSED. See also 28 U.S.C. § 1915(e)(2)(iii). This holding does not bar Samonte's claims for prospective declaratory or injunctive relief against any Defendant acting in an official capacity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102-06 (1997); Lawrence Livermore Nat'l Lab., 131 F.3d at 839.

II.  Claims for Injunctive Relief

Samonte seeks an order requiring that Defendants transfer him back to Hawaii and ordering cataract surgery upon his return. An inmate has no constitutional right to be housed in any particular state. Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Nor does a prisoner have a state-created liberty interest in reclassification, custody level, furlough, or transfer. Neal v. Shimoda, 905 F. Supp. 813, 818, rev'd on other grounds, 131 F.3d 818 (9th Cir. 1997). If Samonte is ultimately successful in this suit and Defendants are ordered to provide him with the surgery he desires, that surgery can be done as easily in Arizona as in Hawaii. This court finds and recommends that Samonte's request for injunctive relief, in the form of transfer back to Hawaii, be dismissed. Moreover, the court finds that Samonte's request for an order requiring that Defendants provide him eye surgery does not involve Governor Lingle in any manner, and should be dismissed insofar as he is attempting to assert this claim against her.

III. <u>Governor Lingle's Individual Liablity</u>

Samonte claims that Governor Lingle is liable for his claims because he wrote her letters and never received a response, and because "she has ultimate administrative and fiscal control of, and responsibility for, among other state agencies, the Hawaii [Department of Public Safety] and its corrections division." (Compl. at 5.)

There is no *respondeat superior* liability under 42 U.S.C. § 1983. <u>Polk v. County of Dodson</u>, 454 U.S. 312, 325 (1981); <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 692 (1978); <u>Gibson v. County of Washoe, Nev.</u>, 290 F.3d 1175, 1185 (9th Cir. 2002). To state a civil rights claim against an individual defendant, a plaintiff must allege facts, not mere conclusions, showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation. <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989).

A supervisor may be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision or control of his subordinates." <u>Watkins v. City of Oakland, Cal.</u>, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th

Cir. 1991)). The supervisor's conduct must show "deliberate indifference to the known or obvious danger [to] plaintiff[.]" See L.W. v. Grubbs, 92 F.3d 894, 900 (9th Cir. 1994). A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc). However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Samonte alleges no facts tying Governor Lingle to his claim that he was denied timely medical care. Samonte refers only to Lingle's general responsibility as Governor of the State of Hawaii for all Hawaii state agencies. To survive a motion to dismiss, Samonte must allege facts from which it could be established that Governor Lingle was personally involved and deliberately indifferent in the alleged constitutional violations, or that there was a sufficient causal connection between Governor Lingle's alleged wrongful conduct and a

constitutional violation.  See Redman, 942 F.2d at 1446.
Sweeping conclusory allegations will not suffice; Samonte must
"set forth specific facts as to each individual defendant's"
deprivation of protected rights.  Leer v. Murphy, 844 F.2d 628,
634 (9th Cir. 1988).  This court finds that Samonte has failed to
link any conduct by Governor Lingle to his allegations of
constitutional violations.  The fact that he allegedly wrote to
her complaining of the alleged delay in his medical care at
Halawa Correctional Facility does not establish that link.

Samonte points to no policy or procedure implemented by
Lingle, in her position as Governor, resulting in any
constitutional violation.  There are no facts showing that
Governor Lingle personally denied, delayed, or in any other
manner interfered with Samonte's requests for medical care.
Samonte's allegations that he notified Lingle by mail of his
complaints are insufficient to tie her to his claims.  This court
finds and recommends that claims against Governor Lingle in her
individual capacity be DISMISSED, dismissing her from this
action.

III. Dr. Bauman's Individual Liability

Dr. Bauman has joined in Governor Lingle's Motion.  She
is not, however, in the same position as Governor Lingle,
relative to Samonte's claims.  Samonte claims that Dr. Bauman
personally countermanded Drs. Pang and Soriano's recommendation

that Samonte should receive cataract surgery.  This is not a claim against Dr. Bauman in her supervisory capacity; it is a claim against her for her own personal involvement in the alleged violation.[4]

The Government violates the Eighth Amendment if it fails to address the medical needs of incarcerated individuals. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).  "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment."  Estelle, 429 U.S. at 102.[5]  This is true when the indifference is manifested by prison doctors in their response to a prisoner's needs.  Id. at 104-05.  However,

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not

---

[4] The court notes that Samonte does not allege that Dr. Bauman delayed his medical treatment from 2002 until 2004. Samonte states that he informed "Defendants John Doe" about pain and blurred vision and he requested to see an eye doctor, but "his request was denied."  (Compl. at 7.)  His only claim against Dr. Bauman is that she countermanded the Pacific Eye Clinic doctors' recommendation that Samonte receive cataract surgery. (See Compl. at 8-9.)

[5] For purposes of the Eighth Amendment, serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  Lopez, 203 F.3d at 1131.

> become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Id. at 105-06; accord Lopez, 203 F.3d at 1131.

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992) (stating that prisoner may demonstrate deliberate indifference if prison officials relied on the contrary opinion of a non-treating physician).

To prevail on his § 1983 claim, Samonte must show that the course of treatment chosen by Dr. Bauman was medically unacceptable under the circumstances, and that she chose this course in conscious disregard of an excessive risk to Samonte's health.  Jackson, 90 F.3d at 332.  In deciding whether there has

been deliberate indifference to Samonte's serious medical needs, this court is not required to defer to the judgment of prison doctors or administrators.  Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1988); Nelson v. Locke, 2005 WL 1030207, *6 (E.D. Wash. May 2, 2005).  However, the Ninth Circuit has recognized that a "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, "a prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution."  Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986).

   Taking all facts as alleged in the Complaint as true, that Dr. Bauman denied Samonte cataract surgery that had been recommended by two other physicians, although Samonte notified prison officials that he was experiencing "progressive deterioration of vision, decreased night vision, and problems with glare caused by [the] cataract," this court finds that Samonte has stated a claim against Dr. Bauman sufficient to withstand the Motion to Dismiss.  The court FINDS and RECOMMENDS that the Motion to Dismiss be DENIED as to claims against Dr. Bauman.

**CONCLUSION**

The court FINDS and RECOMMENDS that the Motion to Dismiss be GRANTED as to all claims against Governor Lingle, and that she be dismissed from this action. The court further FINDS and RECOMMENDS that the Motion to Dismiss be DENIED as to claims against Dr. Kay Bauman. Finally, the court FINDS and RECOMMENDS that Samonte's request for injunctive relief, in the form of a transfer back to Hawaii so that surgery may be performed here, be DISMISSED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 5, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

SAMONTE v. BAUMAN, et al., CV 05-00309 HG/KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTION TO DISMISS; dmp\ F&Rs 05\Samonte 05-309 (grt m.dsm)